L. H. Perez and Rudolph M. McBride, both of New Orleans, for relator.

Richard A. Dowling, of New Orleans, for respondent.

FOURNET, Justice.

Upon application of the District Attorney for the Twenty-Fifth Judicial District Court, we issued a rule to the judge of said district to show cause why writs of mandamus, certiorari, and prohibition should not issue in order to review his (district judge's) ruling refusing to recuse himself on the trial of a motion to annul and set aside the proceedings of the Plaquemines Parish Jury Commission and to quash the general venire lists selected by them, as well as the grand and petit jury venires.

In response to the rule the district judge filed a motion to dismiss the same on the ground that all the matters presented by the application, including the writs prayed for, have become moot questions, in that, since the issuance of the rule, by order of this court dated April 3, 1940, he (district judge) has been temporarily relieved of his official duties by the Honorable Paul Debaillon, one of the judges of the Fifteenth Judicial District of Louisiana.

The relator, in a pleading subsequently filed, has joined the respondent judge in asking that the matter be dismissed for the reason that the issues therein raised have become moot, thus leaving nothing before us for consideration.

For the foregoing reason it is ordered that the rule herein issued is dissolved and the writs applied for are refused.

### BRATSOS v. JONES et al.
#### No. 5979.

Court of Appeal of Louisiana. Second Circuit.

April 4, 1940.

James G. Palmer, of Shreveport, for appellant.

Byron A. Irwin, of Shreveport, for appellee.

HAMITER, Judge.

Plaintiff who owns and operates the Gardner Cafe and Grill in the City of Shreveport, Louisiana, sold and furnished to W. Abb Jones in 1937, on terms of credit, numerous meals and various items of merchandise. On two separate occasions during the summer of that year, M. Carl Jones, the brother of the purchaser, paid to plaintiff therefor the amount of the then accrued indebtedness. Following the second payment, further credit sales to W. Abb Jones were made, this being in the fall of 1937, until there was due and owing to plaintiff the sum of $179.15.

On plaintiff's being unable to obtain amicable settlement of the last mentioned indebtedness, he instituted this suit against W. Abb Jones and M. Carl Jones, a solidary judgment against the brothers for the named amount is asked. Pertinent allegations of the petition, among others, are: "Petitioner further shows that the said defendants are brothers, and that he was unwilling to furnish the said service to the said W. Abb Jones on terms of credit on his own financial responsibility, so defendant, M. Carl Jones, in whose financial responsibility petitioner had full faith and confidence, came to petitioner in the interest of his said brother, W. Abb Jones, just prior to the time said Cafe and Grill began serving the said W. Abb Jones the meals or lunches represented by the said signed tickets or checks, and entered into a verbal agreement with petitioner whereby he, the said M. Carl Jones, requested petitioner to furnish the said W. Abb Jones the said service at the said Cafe and Grill, agreeing and binding himself to pay petitioner for the same at such times as petitioner might call for payments."

Answering the quoted allegations, M. Carl Jones "admits that W. Abb Jones is his brother but denies that he ever solicited the plaintiff to furnish the said W Abb Jones with the meals and lunches and other items referred to in plaintiff's petition, or ever entered into any agreement with the plaintiff or ever agreed to pay the plaintiff the cost of such meals, lunches and other items, as alleged." Further, he avers "that he is not in any manner responsible for said account or in any manner obligated to pay same."

Defendant W. Abb Jones made no appearance and a preliminary default was regularly entered against him.

Plaintiff was awarded judgment against W. Abb Jones, on confirmation of the default, for $179.15 with interest and costs; however, his demands against defendant M. Carl Jones, after a trial thereof, were rejected.

This appeal, which was prosecuted by plaintiff, concerns only the asserted liability of M. Carl Jones, to whom we shall refer hereinafter as appellee.

The testimony of plaintiff was that appellee made a request, prior to July, 1937, "to let him (W. Abb Jones) have anything that he wanted, but to try and cut down on the liquor, did not say not to give him any liquor, says try and cut down on the liquor." Pursuant to this the furnishing and selling commenced. Later appellee made two payments, one being for $106.65 and the other $100. Each satisfied in full the indebtedness then outstanding. In the fall of 1937, the purchases involved in this suit were contracted.

Evidence corroborative of the stated version of plaintiff was given by his bookkeeper.

Appellee testified that he made the two above mentioned payments "because I felt

that my brother owed the bills. I paid them on that account. No other reason whatever. I felt that the man needed his money. There was no line of credit whatever, no arrangement made before hand at all. I have done that on several cases." When making the second payment, he, according to his testimony, informed plaintiff that he "was not going to pay any more of Abb's bills", and would not be responsible therefor.

Two other persons appeared as witnesses for appellee and testified that they heard his remarks to plaintiff regarding his refusal to settle for future purchases.

In rebuttal, plaintiff denied appellee's making of a statement to him that nothing further would be paid; and his bookkeeper, who asserted that she was present when the last payment was made, said that no remarks of that kind were made.

With reference to the decision of the district court, counsel for plaintiff, in his brief, says: "Counsel for plaintiff was not afforded the usual opportunity of arguing the case before a decision was rendered, for immediately upon the conclusion of the taking of the testimony, the District Judge rendered his opinion. We felt then, and we feel now, that the trial judge overlooked the main points in the case, for in passing on the case, he simply stated, in substance, that the plaintiff carried the burden of proving his case and that as he viewed the testimony, he did not feel that such burden had been met. In that connection, however, he stated that he regarded the witnesses on each side as having equal credibility, but that since plaintiff carried the burden, he felt that the testimony on the plaintiff's side was offset by the testimony on the defendant's side."

He then disputes and criticizes the holding as to where the burden of proof lies, contending that it is with appellee. In this connection, it is urged that a fair analysis of all of the evidence discloses the existence of the claimed agreement to pay, notwithstanding the denial in the answer; and he argues that as appellee is presenting a special defense, which is the agreement's termination, the burden of sustaining it is with the latter.

The contention of counsel is, we think, without merit. The petition of plaintiff refers to sales made to W. Abb Jones in the fall of 1937, or subsequent to the date of the above mentioned second payment, and sets forth that appellee agreed to pay therefor. No other account is alleged on. Appellee, in his answer, denies the making of that arrangement. Under these pleadings, the success of plaintiff in the suit is dependent on his proving by a preponderance of the evidence the existence of the asserted agreement of appellee to settle the unpaid claim involved herein.

The trial judge held, as aforestated, that the burden carried by plaintiff was not discharged. The evidence in the record, which is above analyzed, does not warrant our holding that manifest error attends that ruling.

The judgment is affirmed.