The lower court has favored us with a written opinion in this case, in which the issues are set out clearly and the testimony fairly discussed. It is as follows:
"This is a suit to collect $300 claimed by the plaintiffs to be a balance due them on the rent of a plantation known as the McDonald plantation in Webster Parish, for the year 1938.
"Defendant denies that he owes any balance on the rent. It is undisputed that defendant rented the farm in 1937 and gave a rent note in the sum of $800 and that he paid $750 cash and was given credit for $50 for some work on the houses on the plantation. He says that at the time he paid the rent for 1937, he made an oral agreement with Mr. J. Ben Beaird to rent the farm for the year 1938 for $500 cash, and sought to testify on the trial of the case that he was to and did repair some fences, but this evidence was objected to by counsel for plaintiffs because it had not been pleaded.
"All transactions in connection with the leases for both 1937 and 1938 were had with Mr. J. Ben Beaird, father of plaintiffs, who died shortly after the payment of $500 was made in December, 1938.
"Mrs. Adele M. Loper testified that she was private secretary to Mr. J. Ben Beaird for 13 years and that she was present when defendant paid $500 in December, 1938, and that he promised to pay $300 more when he sold some livestock. She was not present when the agreement was made between Mr. Beaird and defendant for rent of the place for 1938. She produced the cash book that she says she kept to show when the credit of $500 was made and there is some dispute as to the date the payment was made. The draft is dated December 9, 1938, but the entry was made December 20, 1938. This, though, is of no particular importance. She also had made a memorandum in the cash book where she entered the $500 payment, — `$300 more due'.
"Defendant denies that he ever agreed to pay more than $500 and says this price was agreed upon at the time he paid the rent for 1937. He says Mrs. Loper made out the draft for $500, or at least she brought it in to Mr. Beaird's office for him to sign. She says she did not write it out and does not recognize the handwriting.
"So far as I know, both witnesses are equally credible. It may be that defendant is a more interested witness than Mrs. Loper, who has no financial interest in the outcome of the trial, however, under the circumstances, I would say that both witnesses have some interest in the outcome of the trial.
"The burden of making out a case by a preponderance of the evidence, where the question as here is one of fact, is always on the plaintiff. In this case, it seems to me *Page 810 
that the plaintiffs have failed to meet the burden imposed on them. This case is similar in many respects to the case of Bratsos v. Jones, La.App., 195 So. 616, where both the district court and the Court of Appeal held that plaintiff had failed to meet the burden resting upon him and rejected his demand.
"For these reasons, the demands of the plaintiffs will be rejected, at their costs."
Under the record as made up in this case, the opinion of the lower court is correct, however, in this court plaintiff contends that the case should be remanded for the purpose of hearing testimony relative to the repairing of fences, which he objected to on the trial below and which objection was correctly sustained by the lower court. Counsel for defendant stated in argument that he was willing for the court to give plaintiff the right to go into this question but, under the pleadings, which have not been enlarged, the evidence would not be admissible and to remand the case would not give plaintiff any relief. Therefore, since there is no objection by defendant to this question being heard by the court, we think it advisable to reverse the judgment of the lower court and dismiss plaintiffs' demands as of nonsuit.
It is so decreed; all costs to be borne by plaintiff.